```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

RANDY ZAPATA, Dr.,

    Plaintiff,

v.                              Case No:  2:24-cv-564-JES-KCD

NELNET SERVICER OF FEDERAL STUDENT AID,

    Defendant.

_____

**ORDER**

This matter comes before the Court on review of the Complaint (Doc. #1) filed on June 14, 2024. The attached Civil Cover Sheet (Doc. #1-1) identifies the basis for federal jurisdiction as diversity of citizenship with plaintiff being a citizen of the State of Florida. Defendant's citizenship is not identified.

Jurisdiction of federal courts is limited by the provisions of Article III of the United States Constitution and Acts of Congress. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372 (1978). "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). If the Court determines

"at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Subject matter jurisdiction based on diversity requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Without information as to defendant's citizenship or an amount in controversy, the Court cannot determine if jurisdiction is present.

Construed liberally, subject matter jurisdiction could be premised on the presence of a federal question, to wit, "Violation of The Commander and Chief, President Joe Biden Pardoning of Student Loans." Certain individuals may be eligible for the Public Service Loan Forgiveness (PSLF) Program, including doctors and nurses who are employed by a qualifying not-for-profit organization with a direct loan, however there is an application process and not a statute at issue that supports a civil suit based on the program. Without any facts or counts in the Complaint, the attached recitation of cases regarding the confrontation clause, "The Mayflower Compact", the United States Constitution and the Bill of Rights do not have any relevance. (Doc. #1-2.)

Even if plaintiff can articulate a basis for federal jurisdiction[1], Rule 8 of the Federal Rules of Civil Procedure also requires that a complaint include a "short and plain statement of the claim" with "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a)(2), (d)(1). Rule 10 of the Federal Rules further provides that claims must be in numbered paragraphs and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). *Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. Nevertheless, *pro se* litigants are not exempt from complying with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard. GJR Investments, Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party, [ ] or to rewrite an otherwise deficient pleading in order to sustain an action[.]" (internal citations omitted)), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (stating that

---

[1] A Complaint must contain a "short and plain statement of the grounds for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1).

*pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

In amending to state jurisdiction, plaintiff should take the opportunity to address deficiencies in the Complaint to comply with the Federal Rules of Civil Procedure. Under Rule 8(a),

> A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Under Rule 10(b),

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). Plaintiff should specify the Court's basis for subject matter jurisdiction, and the legal basis for his claim or claims with supporting facts. Plaintiff should include references to the federal laws and/or sections of the United States Constitution that have been violated or provide information

4

regarding the citizenship of defendant and the amount in controversy.  For additional resources and assistance, plaintiff may wish to review the form complaints available on the Court's website, for example  https://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-non-prisoner.[2]

Accordingly, it is now

**ORDERED**:

Plaintiff's Complaint (Doc. #1) is dismissed for lack of subject matter jurisdiction and failure to state a claim without prejudice to filing an "amended complaint" within **THIRTY (30) DAYS** of this Order if plaintiff can present federal jurisdiction in this Court and a plausible claim for relief.  **If not amended complaint is filed, the case will be closed without further notice.**

**DONE AND ORDERED** at Fort Myers, Florida, this   26th   day of June 2024.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff

---

[2] The website has tips, answers to frequently-asked questions, and sample forms.  There is also a link that may help plaintiff generate the amended complaint.

5